## No. 9809.

### J. J. HEALEY VS. LUKE DILLON.

Plaintiff, as the alleged sexton of certain cemeteries, seeks to enjoin the defendant from claiming the same employment, on the ground of the illegality of the attempt to remove him under his alleged employment.

In the case entitled Healey vs. Rev. P. F. Allen, No. 9740 on the docket of this Court, it was held that they could not resist his removal by the writ of injunction; for the same reasons he cannot, by the same means, prevent the appointment of his successor.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*J. Timony* and *A. J. Murphy* for Plaintiff and Appellant.

*J. J. Finney, W. H. Rogers* and *J. A. Gilmore* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J,   Plaintiff sets up a contract with Rev. P. F. Allen, pastor of St. Patrick's Church, in this city, appointing him sexton of three cemeteries for a term of twenty-five years to be computed from October, 1876, and he complains that, in violation of his said contract, the defendant, Dillon, pretends to have been appointed sexton of the same cemeteries.

Hence he brought this suit, in which he prays for an injunction to restrain the said defendant from disturbing him in his possession and control of the cemeteries aforesaid.

He prosecutes this appeal from a judgment confirming the appointment of Dillon as sexton, and rejecting his (plaintiff's) demand.

That judgment was rendered on May 21, 1886.

Now, it appears from the records of this Court that a judgment was rendered here on the 29th of November, 1886, in the suit entitled J. J. Healey vs. Rev. P. F. Allen et al., No. 9740 (not yet reported) in which the issue involved the proper construction of the very contract which is the subject matter of the present controversy.

It was there held that Healey could not maintain an injunction to restrain Father Allen from discharging him as sexton; for the reason that the contract there sued on was one of employment for personal services, for the enforcement of which the employce could not in law resort to the remedy of injunction. The practical operation of that judgment was to leave the removal of Healey as sexton judicially undisturbed, and as a consequence thereof to continue in possession of the cemeteries the party who had been appointed as his successor.

As it was there settled that Healey could not, by injunction, escape the legal effect of his discharge or removal by Father Allen, it follows that he stands on no better ground in his present attempt to disturb his successor in his possession of the cemeteries, under an appointment from competent authority, by the remedy of injunction.

Hence we conclude that plaintiff has been deprived of no legal rights by the judgment appealed from.

Judgment affirmed.